UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| BELLAGIO, LLC, a Nevada limited liability company, and MGM RESORTS INTERNATIONAL, a Delaware corporation,<br><br>　　　　　　Plaintiffs,<br>vs.<br><br>JONATHAN FRITZ, an individual, FORREST KOLB, an individual, JINYONG NA, an individual, LYNE RENEE, an individual, and APRIL HUTCHINGS, an individual,<br><br>　　　　　　Defendants. | Case No.: 2:15-cv-01879-GMN-PAL<br><br>**ORDER** |

　　　　Pending before the Court is the Motion to Dismiss (ECF No. 13) and Motion for Sanctions (ECF No. 16) filed by Defendants Jonathan Fritz, Forrest Kolb, Jinyong Na, Lyne Renee, and April Hutchings (collectively, "Defendants"). Both motions have been fully briefed.

**I.　　BACKGROUND**

　　　　This case involves allegations related to Plaintiffs' purported use of Defendants' likeness beyond a licensing period between the parties. (Am. Compl. ¶ 15, ECF No. 5). On September 30, 2015, Plaintiffs filed the instant action seeking a declaration of non-infringement of law of right of publicity. (Compl. ¶ 22–24, ECF No. 1). On October 6, 2015, Defendants filed a similar action in California state court ("California action"), alleging the following California state law claims: (1) common law misappropriation of likeness; (2) violation of California Civil Code ¶ 3344; and (3) unjust enrichment. (Cal. Compl., Ex. 2 to Hamideh Decl., ECF No. 13-1). Shortly thereafter, the California state court action was removed to the United States District Court for the Central District of California. (Hamideh Decl. ¶ 12, ECF No. 13-1).

## II. MOTION TO DISMISS

### A. Legal Standard

Under the Declaratory Judgment Act, a district court has the "unique and substantial discretion" to decide whether to issue a declaratory judgment. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The Declaratory Judgment Act states that "courts may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). Therefore, a district court is under no compulsion to exercise its jurisdiction. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942); see also *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998) ("This determination is discretionary, for the Declaratory Judgment Act is deliberately cast in terms of permissive, rather than mandatory, authority.") (internal quotations omitted).

When making a determination concerning whether to exercise jurisdiction, the district court's discretion is governed by the three factors set forth in *Brillhart*: (1) avoidance of needless determination of state law issues; (2) discouragement of the use of declaratory actions as a means of forum shopping; and (3) avoidance of duplicative litigation. *Dizol*, 133 F.3d at 1225. At the core of these prudential considerations is an assessment of "how judicial economy, comity, and federalism are affected in a given case." *Id.* at 1226.

The Ninth Circuit has held that "federal courts should decline to assert jurisdiction in . . . declaratory relief actions presenting only issues of state law during the pendency of parallel proceedings in state court unless there are circumstances present to warrant an exception to that rule." *Emp'rs. Reinsurance Corp. v. Karussos*, 65 F.3d 796, 798 (9th Cir. 1995) (internal quotations omitted) *overruled in part on other grounds by Dizol*, 133 F.3d 1220; *see also Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 754 (9th Cir. 1996) ("[N]othing in the Declaratory Judgment Act requires a parallel state proceeding in order for the district court to exercise its discretion to decline to entertain the action.").

**B. Discussion**

Defendants argue that each of the *Brillhart* factors favors dismissal in this case. After analyzing each of these factors individually, the Court agrees that dismissal is warranted.

The first *Brillhart* factor weighs in favor of dismissal. Plaintiffs' Amended Complaint seeks a declaration of non-infringement of law of right of publicity. (Am. Compl. ¶¶ 20–22, ECF No. 5). Right of publicity is a matter of state law. *See* NRS § 597.810. Moreover, the Court determines that California law would most likely apply to this dispute.[1] Therefore, dismissal would avoid a needless determination of questions that solely involve state law.

As to the second *Brillhart* factor, apart from unsupported allegations and arguments by Defendants, there is nothing in the record to indicate that Plaintiffs chose to file in this Court as a means of forum shopping. Accordingly, this factor is neutral in this case.

The third *Brillhart* factor weighs in favor of dismissal. Although the parties assert different claims in this action and the California action, both matters rely on the same set of facts and will require two finders of fact to decide overlapping factual disputes. Accordingly, the Court finds that the instant case is duplicative of the California action and that dismissal would prevent the Court and the parties from expending resources on redundant litigation.

Accordingly, because the first and third *Brillhart* factors each weigh in favor of dismissal and the second factor is neutral, the Court finds that dismissal is warranted.

---

[1] The Court applies "state substantive law to state law claims, including the forum state's choice of law rules." *Love v. Assoc. Newspapers, Ltd.*, 611 F.3d 601, 610 (9th Cir.2010). Nevada applies the "most significant relationship test" from the Restatement (Second) of Conflict of Laws § 145 to decide choice of law issues in tort actions, "unless another, more specific section of the Second Restatement applies to the particular tort." *Gen. Motors Corp. v. Eighth Judicial Dist. Ct. of State of Nev. ex. rel. County of Clark*, 122 Nev. 466, 474 (2006). Sections 152 and 153 of the Second Restatement govern right of publicity claims, and when, as here, alleged publication occurs in more than one state, the plaintiff's domicile will usually be applied. (Restatement (Second) of Conflict of Laws § 153, cmt. d). Thus, because a majority of Defendants are domiciled in California, the Court finds that California law would most likely apply. (*See* Fritz Decl., ECF No. 13-2; Kolb Decl., ECF No. 13-3; Na Decl., ECF No. 13-4; Hutchings Decl., ECF No. 13-6). Regardless, because none of the Defendants are domiciled in Nevada, the Court is confident that Nevada law would most likely not apply.

Therefore, the Court will exercise its discretion to decline jurisdiction over this case. *See* 28 U.S.C. § 2201(a); *Brillhart*, 316 U.S. at 494.

### III. MOTION FOR SANCTIONS

#### A. Legal Standard

Rule 11 of the Federal Rules of Civil Procedure provides that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

#### B. Discussion

Here, the Court finds that Plaintiffs' Amended Complaint was neither presented for an improper purpose, frivolous, or lacking in evidentiary support. Although Defendants assert that Plaintiffs' filing of this case was an improper attempt to beat Defendants to the courthouse,

emails between the parties' counsel belie this assertion. Specifically, even though Defendants warned that they would file suit, the parties agreed to go to mediation in lieu of litigation. (*See* Ex. 1 to Hamideh Decl., ECF No. 13-1; Ex. A to McCue Decl., ECF No. 19-1). However, leading up to the mediation, Plaintiffs felt compelled to file this action after Defendants repeatedly failed to respond to document requests, untimely provided nonresponsive documents, and only after such nonresponsive documents were untimely provided, informed Plaintiffs that responsive documents could not be located. (*See* Exs. B–O to McCue Decl., ECF No. 19-1). Rather than filing the instant action to beat Defendants to the courthouse, such dilatory tactics by Defendants explain why Plaintiffs felt the need to file the instant action. Moreover, although the Court is dismissing the instant action pursuant to *Brillhart* discretion, the Court does not find that the action was frivolous or lacking in evidentiary support. Accordingly, the Court denies Defendants' Motion for Sanctions.

**IV. CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Amended Complaint (ECF No. 5) is **DISMISSED without prejudice**. The Clerk of the Court shall enter judgment accordingly and close the case.

**IT IS FURTHER ORDERED** that Defendants' Motion for Sanctions (ECF No. 16) is **DENIED**.

**DATED** this __9__ day of May, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge